### G. W. CHAMBERS' ADMR. *v.* G. W. McADAMS.

**Accounts—Do not Draw Interest Unless Specified.**

An account was made with a defendant, of "$600.00 on deposit which I am to pay on demand". Held, that without demand or failure to pay, or special contract, this would not bear interest, the writing evidencing a mere deposit and not a loan.

APPEAL FROM HANCOCK CIRCUIT COURT.

March 7, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

McAdams' account of merchandise, cash, etc., against decedent, Chambers, down to the close of the year 1864, is reasonably established, and amounts to $643,93.

McAdams, on March 12, 1863, executed the following writing:

"Received of G. W. Chambers six hundred dollars on deposit, which I am to pay on demand."

Without demand and failure to pay or special contract this would not bear interest, the writing evidencing a mere deposit and not a loan.

Added to this was an allowance by the commissioner against McAdams for net proceeds of tobacco shipped by him for decedent ........................................$214.03

Aggregate of both items ............................$814.03

Deduct McAdams account ..........................$643.93

Balance ......................................$170.10

The commissioner evidently made a mistake in the addition of McAdams' account, reducing it to $573.93, which, when corrected leaves the proper amount for which judgment against McAdams should be rendered one hundred and seventy dollars and ten cents, with interest thereon from the time he recovered the proceeds of the tobacco sold up to the rendition of the judgment hereafter to be made and then interest thereon until paid.

The judgment in favor of appellant being too large it must be reversed on the cross-appeal and affirmed on the original appeal, with directions to render another judgment conformable to the directions herein.

Wherefore, the judgment is reversed on the cross-appeal, but *affirmed* on the original appeal.

*G. W. Williams, for appellant.*

*Bush, for appellee.*